IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLEN FAULK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-883 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AVALON BOROUGH and AVALON BOROUGH DEPARTMENT OF PUBLIC WORKS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendant's Motion to Partially Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) ("Def. MTD," Doc. 24) will be granted.

On June 22, 2020, the Court dismissed, without prejudice, Plaintiff's original allegations of retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was afforded leave to file an Amended Complaint (Doc. 23) to further provide facts sufficient to allege a cognizable adverse employment action to support these allegations, which he filed on July 6, 2020. On July 20, 2020, Defendant filed the instant motion and an associated brief in support ("Def. Brief ISO," Doc. 25) to dismiss all retaliation claims and to note that that parties had previously agreed to dismiss all claims against Avalon Borough Department of Public Works, which is not a separate legal entity. Plaintiff filed his Opposition ("Pl. Opp.," Doc. 26) and brief in support thereof ("Pl. Brief ISO," Doc. 27) on August 10, 2020.

For the following reasons, the Court finds that the retaliation claims in Counts II and III are properly dismissed with prejudice.

At the outset, the Court notes, as Defendant does, that the Court has already dismissed Plaintiff's argument that feeling "alienated" by his managers constitutes retaliation under the law, and Plaintiff's "copy-and-paste" of the same allegation in the Amended Complaint does him no favors. [1] *Compare* Order at Doc. 21, at 2 *with* AC at ¶24. Plaintiff also amended his complaint to allege that after filing his charge with the Pennsylvania Human Rights Commission ("PHRC"), his daughter's car was towed from a parking lot while other employees' cars were permitted to remain for extended periods of time. Id. at ¶¶25-30.

The Court finds that these additional allegations are insufficient to demonstrate an "adverse action" for the purposes of a retaliation claim. *See* Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007), as amended (Aug. 28, 2007) (in order to prevail on a claim of retaliation, the employee must demonstrate the following: "(1) [that he engaged in ] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action). Towing Plaintiff's daughter's vehicle, which Plaintiff himself considers a "fringe" benefit, is not a "serious and tangible" action that would "alter compensation, terms, conditions or privileges of [Plaintiff's] employment." Clayton v. Pennsylvania Dept. of Welfare, 304 Fed. Appx. 104, 108 (3d Cir. 2008). The Court agrees with Defendant that such an action, while potentially frustrating and inconvenient to Plaintiff, are insufficiently "materially adverse" to be actionable. *See* Burlington Northern and Santa Fe Ry.

---

[1] In addition to this duplication, the Court was surprised to see many other moot or irrelevant points discussed in Plaintiff's Brief, including: the mention of Avalon Borough Department of Public Works (which the Court addresses in more detail, *infra*); allegations regarding disparate treatment and a motion to strike that was previously decided; and a discussion of a hostile work environment not currently before the Court on the instant motion. *See* Pl. Brief ISO at 5-6. The Court notes that Plaintiff may have been better served dedicating his resources to the live issues in controversy, rather than rehashing issues already decided by or not before the Court.

Co. v. White, 548 U.S. 53, 67-68 (2006).  Covered actions must potentially "dissuade[] a reasonable worker from making or supporting a charge of discrimination," and cannot simply be a "petty slight or minor annoyance."  Id. (internal quotations and citations omitted).  Plaintiff's allegation — if true — is no more than a "petty slight."

While the Court of Appeals for the Third Circuit has not directly opined on whether such an action constitutes a materially adverse employment action, the Court observes that nothing about Plaintiff's ability to maintain his employment was affected by this action.  Nor does the Court find that permitting employees' relatives to occasionally park their car on company property is a material benefit that Plaintiff lost.  See, e.g., Young v. St. James Management, LLC, 749 F. Supp. 2d 281, 297 (E.D. Pa. 2010) (finding that denial of parking spaces "may be frustrating" but "are not so significant as to alter the terms of…employment").  As the Court has provided Plaintiff an opportunity to amend his Complaint to assert his "best case" to ward off dismissal of this claim, and finds that Defendant's refusal to permit Plaintiff's daughter to park her car on its property does not constitute an "adverse action," under the law, the Court will dismiss Counts II and the retaliation claim in Count III with prejudice.

Finally, the Court notes that while the caption continues to include "Avalon Borough Department of Public Works," and that Defendants refer to themselves in the plural form, Plaintiff's allegations appear to primarily refer to a single Defendant—presumably Avalon Borough—although he does not define "Borough" in his Amended Complaint.  As the Court already has entered an Order (Doc. 18) approving the Parties' Stipulation to dismiss all claims against Avalon Borough Department of Public Works — which both parties acknowledge is not a separate entity — the Court reiterates that all claims against Avalon Borough Department of

Public Works shall be denied as moot given that it has been dismissed from the action, and the Court shall refer to Defendant Avalon Borough as the sole Defendant in this action.[2]

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 24**) is **GRANTED** as to the retaliation claims in Counts II and III of the Complaint. Count II and the retaliation claim in Count III of the Complaint are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

March 23, 2021

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] The parties shall feel free at any time to file a motion to modify the caption of this case accordingly.